judges were suspending their calls on account of the sessions of the State Bar Association, while others were not.

HINER, BUNCH & LATIMER, for plaintiffs in error.

McMAHON & CHENEY, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

JUDGMENT, § 286*—*when refusal of motion to vacate judgment by default reversible error.* Where defendants' attorneys failed to be present on the day the case was set for trial in the Municipal Court of Chicago through a mistake of a clerk in their office who was confused by the announcement of the cases on the Municipal Court judges' calls appearing in a daily bulletin giving such calls, such confusion being made possible by the fact that, at the time, some of the judges were suspending their calls while others were not, it is error to deny a motion to vacate the judgment.

---

Butcher Folding Crate Company, Defendant in Error, v. S. T. Fish, trading as S. T. Fish & Company, Plaintiff in Error.

Gen. No. 20,625.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

## Statement of the Case.

Action by Butcher Folding. Crate Company, a corporation, plaintiff, against S. T. Fish, trading as S. T. Fish & Company, defendant, to recover for crates sold and delivered. There was a judgment for plaintiff for $672.18, to reverse which defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The evidence tended to show that in March, 1911, plaintiff's president made a verbal contract with the defendant for about 30,000 crates at seventeen cents each, to be shipped to Asherton, Texas, to be used by onion growers there who were shipping onions to defendant. Defendant testified that his firm was' to collect for plaintiff the price of the crates from the growers as they were shipped to defendant, which was denied by plaintiff. Plaintiff proceeded to make shipments and had delivered some 18,000 or more crates when it was advised on account of the market being bad to stop shipments. It thereafter agreed to release the defendant from liability for the balance of crates, about 10,000, contracted for and shipped but not delivered. On June 30th plaintiff's president called at the office of defendant for the purpose of procuring a settlement for all crates that had been shipped, and it was then ascertained that there was a balance due plaintiff of $821, not taking into account certain crates which had been delivered to one Obets, an onion grower who was marketing his crop through the defendant. The number of these Obets crates was about 4,354. As the result of the conversation at this time a written contract was entered into as follows:

"In consideration of accepting S. T. Fish & Company's check A3214 for Eight Hunded Twenty-one Dollars, it is understood that the balance of the crates, 4354 crates, delivered to Charles Obets at Asherton, Texas, are to be returned to the onion platform at Asherton; and if any shortage, when delivery is made to the platform, from above number, S. T. Fish & Company agree to make good.

(Signed),

S. T. Fish & Company.

Accepted: Butcher Folding Crate Company."

There was evidence tending to show that on or after the date of this agreement the only crates returned to the platform by Obets, or on his behalf, were 400, which

were afterwards sold by Obets and were never received by plaintiff. It was shown that Obets received about 6,500 crates, used for his own crop about 2,400 and made two sales to other growers, one of about 2,666 and the other of 1,600, which were hauled directly from his farm to the premises of the purchasers.

The principal defense was the return of the crates by Obets under the agreement. Defendant also contended that there was no consideration for the agreement.

BENJAMIN C. BACHRACH and ARTHUR C. BACHRACH, for plaintiff in error.

ALBERT E. LUCIUS and EDWARD B. LUCIUS, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 329*—*when evidence sufficient to support verdict.* Evidence in action to recover for purchase price of goods sold and delivered, examined and *held* to support the verdict.

---

City of Chicago, Defendant in Error, v. Emily Marshall, Plaintiff in Error.

Gen. No. 20,642.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

### Statement of the Case.

Complaint by the City of Chicago against Emily Marshall, defendant, of violating section 2019 of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.